**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| **CHRISTOPHER C. LOUTTIT,** | : | Bankruptcy No. <u>11-70968-JAD</u> |
| Debtor. | : | Chapter 7 |
| | : | |
| **CHRISTOPHER C. LOUTTIT,** | : | Adversary No. <u>11-7050-JAD</u> |
| Plaintiff, | : | |
| v. | : | |
| **ZANNITA FAST HORSE ARMELL,** | : | |
| Defendant. | : | |

**<u>MEMORANDUM OPINION</u>**

The matter before the Court is a complaint seeking a determination of whether certain attorney's fees due and payable in connection with a child custody case constitute a non-dischargeable domestic support obligation pursuant to 11 U.S.C. § 523(a)(5). The parties have cross filed motions for summary judgment with respect to the adversary complaint, and this matter is a core proceeding over which this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334(b). For the reasons set forth below, the Court finds that the obligations do constitute domestic support obligations and, as such, are non-dischargeable. Consequently, the Defendant's motion for summary judgment shall be granted and the Plaintiff's motion for summary judgment shall be denied.

00007629.WPD

# I.
# SUMMARY JUDGMENT STANDARD

This Court shall grant a motion for summary judgment only if the moving party shows that there are no genuine disputes as to material facts and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Here, both parties have filed motions for summary judgment, agreeing that no issue of material fact exists. Therefore, this Court should consider each motion separately with each party bearing its own burden of proof; however, to eliminate confusion and redundancy, since the parties argue the opposite sides of the same issue, this Court shall lay out the contentions of each party and discuss their arguments together. See United States v. Hall, 730 F. Supp. 646, 648 (M.D. Pa. 1990) (consolidating cross motions for summary judgment arguing opposite sides of the same issue into one analysis) (citing Home for Crippled Children v. Prudential Insurance Co., 590 F.Supp. 1490, 1495 (W.D. Pa. 1984)).

# II.
# PROCEDURAL HISTORY AND NECESSARY FACTS

The following are the undisputed facts of this case.

1. Zannita Fast Horse Armell ("Defendant") and Christopher C. Louttit ("Plaintiff") were married on April 17, 1997, and are the parents of two minor children. (Doc. #21, *Defendant's Statement of Undisputed Facts in Support of Motion for Summary Judgment*, ¶¶ 1-2).

2. The Defendant and children are enrolled members of the Oglala Sioux Tribe. (Id. ¶ 10).

3.  The Plaintiff and Defendant separated in the fall of 2006, and the Defendant moved to the Pine Ridge Reservation in South Dakota with her children. (Id. ¶¶ 4-5).

4.  The Plaintiff moved to Indiana County, Pennsylvania. (Id. ¶ 6).

5.  The children came to visit the Plaintiff in November of 2006, but he never returned them to the Defendant as agreed upon by the couple. (Id. ¶¶ 7-8).

6.  The Defendant filed for divorce on December 12, 2006 with the Oglala Sioux Tribal Court ("Tribal Court")(CIV-06-0705) seeking full custody of the children. (Id. ¶¶ 9, 11).

7.  The Tribal Court issued a temporary order granting custody of the children to the Defendant, and sent notice of the order to the Plaintiff who signed for its receipt on January 17, 2007. (Id. ¶¶ 12-15).

8.  Following a rescheduled hearing by the Tribal Court on March 23, 2007, of which the Plaintiff was notified and still did not attend, the Tribal Court granted full custody to the Defendant on April 19, 2007. (Id. ¶¶ 16-20).

9.  Prior to the entry of the custody order by the Tribal Court, but after he was notified of the custody proceedings in South Dakota, the Plaintiff filed for custody in the Court of Common Pleas of Indiana County, Pennsylvania ("State Court") on March 12, 2007. (Id. ¶ 21). The Plaintiff alleged to the State Court that there was no other action or court order pending in another jurisdiction. (Id. ¶ 22). The Plaintiff also averred to the State Court that while service was not achieved on the Defendant, she was aware of the State Court proceeding. (Id. ¶ 25).

10. Temporary custody was granted to the Plaintiff by the State Court, and the State Court ordered the Plaintiff to perform service upon Defendant and file an affidavit. (Id. ¶ 26). The Plaintiff did not perform service as ordered. (Id. ¶ 27).

11. On March 23, 2010, the Defendant filed a Petition for Enforcement of a Child Custody Determination under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)(23 Pa. C.S.A. §§ 5401-5482) with the State Court. (Id. ¶ 28).

12. On July 15, 2010, the State Court determined that the Tribal Court had jurisdiction over the custody dispute pursuant to UCCJEA. (Id. ¶ 32). The State Court then vacated its prior custody order in favor of the Plaintiff, and transferred the case to the Tribal Court. (Id. ¶ 33).

13. The Plaintiff appealed the matter to the Pennsylvania Superior Court, which affirmed the decision of the State Court on March 17, 2011.  (Id. ¶¶ 34, 37).

14. After the Defendant filed a petition and supplement for attorney's fees as the prevailing party pursuant to § 5452 of Pennsylvania's adoption of the UCCJEA; the Plaintiff agreed to an entry of $20,000 in attorney's fees to be owed to the Defendant. (Id. ¶¶ 38-45).

15. On September 7, 2011, the Plaintiff filed a Chapter 7 petition for bankruptcy. In schedule F filed by the Plaintiff with this Court, the Plaintiff scheduled as a debt the $20,000 in attorney's fees awarded to the Defendant. (Bankruptcy No. 11-70968-JAD, Doc. #1, *Schedule F*).  The Plaintiff then filed the instant adversary complaint against the Defendant asserting that the $20,000 agreed upon by the parties as payment for attorney's fees related to their custody dispute is dischargeable and does not constitute a domestic support obligation under 11 U.S.C § 523(a)(5).

16. Both parties have since filed motions for summary judgment, and the issue of dischargeability is now properly before this Court.

### III.
### ANALYSIS

At issue in the instant case is whether the award of $20,000 in attorney's fees in the Defendant's custody case, awarded by the State Court pursuant to § 5452 of Pennsylvania's adoption of the UCCJEA, is non-dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5).  This provision of the Bankruptcy Code states, in pertinent part, that "a discharge. . . of this title does not discharge an individual debtor from any debt . . . for a domestic support obligation. . . ."  Id.

The burden falls on the Defendant as the party to whom the debt is owed, to prove that the Plaintiff's failure to pay the Defendant's attorney's fees, pursuant to the State Court order, falls within this exception to discharge.  Sorah v. Sorah, 163 F.3d 397, 401 (6th Cir. 1998).

Section 101(14A) of the Bankruptcy Code, defines "domestic support obligation" as:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable non-bankruptcy law notwithstanding any other provision of this title, that is-
>
> (A) owed to or recoverable by-
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or...
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-
>
> (i) a separation agreement, divorce decree, or property settlement agreement; . . . and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A); see also, H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 59 (2005) (legislative history regarding the definition of "domestic support obligation" under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)). While the United States Court of Appeals for the Third Circuit has not addressed the issue of whether attorney's fees incurred in connection with a child custody case constitute a "domestic support obligation" under the Bankruptcy Code, there seems to be a general consensus among other courts that have ruled on the issue.

Generally, these courts have held that court ordered attorney's fees in connection with post-divorce and other family law proceedings are non-dischargeable domestic support obligations under 11 U.S.C. § 523(a)(5). See, e.g., In re Johnson, 445 B.R. 50 (Bankr. D. Mass. 2011)(holding that attorney's fees incurred by a debtor's ex-wife to protect her child support award were non-dischargeable as a domestic support obligation); In re Blackwell, 432 B.R. 856 (Bankr. M.D. Fla. 2010) (holding that the debt was non-dischargeable as a domestic support obligation even though it was a debt to pay a spouses attorney's fees and the recipient of the fee was not a spouse or child); In re Papi, 427 B.R. 457 (Bankr. N.D. Ill. 2010) (holding that a Chapter 7 debtor could not discharge attorney's fees awarded by the court in a marital dissolution action, which the court determined were incurred for the mother and her child's mutual benefit and support under 11 U.S.C. § 523(a)(5)); cf. In re Andrews, 434 B.R. 541 (Bankr. W.D. Ark. 2010)(holding that an award of attorney's fees was a "domestic support obligation" for purposes of 11 U.S.C. § 507 even though it was payable directly to the attorney of a divorced spouse).

Similar in fact to the instant case is In re Gruber, 436 B.R. 39 (Bankr. N.D. Ohio 2010), in which a defendant owed to his plaintiff ex-wife attorney fees awarded by a state court in post-divorce custody proceedings. The defendant in Gruber, post-divorce, filed a motion to modify the parent's child-sharing plan and child-support plan. 436 B.R at 40-41. The domestic relations court ultimately held in favor of the plaintiff, terminated the child sharing plan, and granted the plaintiff sole custody. Id. at 41. The court then awarded attorney's fees to the plaintiff in light

of unrefuted threats of the defendant to outspend the plaintiff in the matter, in an effort to cause the plaintiff to dismiss her action. Id.

When the defendant filed for bankruptcy, the plaintiff in Gruber challenged the dischargeability of the attorney's fees pursuant to 11 U.S.C. § 523(a)(5). Id. The United States Bankruptcy Court for the Northern District of Ohio considered the issue of dischargeability in light of the definition of "domestic support obligation" under 11 U.S.C. § 101(14A). Id. at 42. In its analysis, the Gruber court considered that the custody hearing was to provide both benefit and support to the children, and determined that the attorney's fees were non-dischargeable.

The court also found In re Dvorak, 986 F.2d 940 (5th Cir. 1993), and In re Hudson, 107 F.3d 355 (5th Cir. 1997), to be persuasive on this issue. Id. at 43. The court in Gruber reasoned, based on conclusions made by the courts in Dvorak and Hudson, that the purpose of a child custody hearing is about providing child support. Id. (citing Dvorak, 986 F.2d at 941; Hudson, 107 F.3d at 357). Therefore, the Gruber court concluded that attorney's fees awarded in a custody hearing to the custodial parent play a role in the support of that child. Id. The Gruber court also expressed that because the domestic relations court awarded the fees in response to improper litigation tactics by the defendant, those fees were in the nature of support as they would have taken away resources from the mother who would have undoubtedly spent them on the children. Id. Consequently, the Gruber court thought it was impractical to sever the award of attorney's fees from a child's needs. Id.

Similar to Gruber, the instant case is also about a father (the Plaintiff) that used an improper litigation tactic (falsely asserting to a court without jurisdiction that

no other litigation was pending on the issue) to gain advantage in a custody hearing, which caused a mother (the Defendant) to expend resources in retaining custodial rights to her children. The award of the attorney's fees in the instant case, like that in <u>Gruber</u>, is in the nature of supporting the Defendant, and her ability to assert custodial rights over her children.

Recently, the United States Bankruptcy Appellate Panel of the Eighth Circuit held in <u>In re Phegley</u>, 443 B.R. 154 (B.A.P. 8th Cir. 2011), that attorney's fees awarded to a debtor's former spouse in a divorce action were to serve a support function, and were not dischargeable under 11 U.S.C. § 523(a)(5). The Appellate Panel in <u>Phegeley</u> noted that the policy underlying § 523 favors the enforcement of familial obligations (child/spousal support) over a fresh start for the honest, but unfortunate, debtor. <u>Id.</u> at 158.

The instant case before this Court stems not from a divorce action but from a custody battle in which the Defendant accrued costs associated with protecting her rights and obligations as the custodial parent of her children. This distinction does not matter. If the attorney's fees in the divorce action in <u>Phegley</u> were found to serve a support function, so do the attorney's fees in the instant custodial action, which were necessary for the Defendant to secure the rights to her children.

In the instant case, the $20,000 in attorney's fees accrued as a result of a custody battle between the parties, prompted by the Plaintiff's willful ignorance of the Tribal Court's custody proceeding. When the Plaintiff filed his custody suit in the State Court on March 12, 2007, he did so in spite of the ongoing Tribal Court proceedings, and falsely asserted to the State Court that there were no other

proceedings on the matter in another jurisdiction. By filing his State Court suit, the Plaintiff caused the Defendant to incur the additional costs associated with the concurrent litigation and the subsequent appeals. The court in Gruber noted on this issue that it cannot be ignored that an award of attorney fees, made by a state court, can be done for the express purpose of compensation for improper litigation tactics. Gruber, 436 B.R. at 43. In the matter *sub judice,* these tactics employed by the Plaintiff forced the Defendant to expend resources unnecessarily which would have undoubtedly gone to support her children. Id. The award of attorney's fees is thus in the nature of supporting the Defendant and her children.

In reaching this decision, the Court recognizes that the Plaintiff in the instant case argues that "the award was not based upon need, but [was] given as a matter of right . . . not in the nature of support. . . ." (Doc. #23, p. 4). The Plaintiff therefore argues that because the UCCJEA awards "damages" and not "support" to a "prevailing party", the fees are essentially a division of property payable to a spouse that should be dischargeable. (Id. at pp. 3-4). However, this is not consistent with the opinions reached by the courts in other circuits, which considered the legislative history with respect to the Bankruptcy Code. Specifically, the legislative history of 11 U.S.C. § 101(14A) denotes that a "domestic support obligation" encompasses any debt in the nature of alimony, maintenance, or support "*without regard to whether such debt is expressly so designated.*" H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 59 (2005). Considering Congressional intent and the volume of case law on the issue, an award of attorney's fees made in a custody suit is in the nature of support under 11. U.S.C. § 523(a)(5), regardless of how it is labeled. See Gruber, 436 B.R. at 43 (citing Brody

v. Brody (In re Brody), 3 F.3d 35, 38 (2d Cir. 1993)).  The fact that the $20,000 in attorney's fees were awarded under the UCCJEA and not in a general custody determination is simply immaterial under the facts of this case.

## IV.
## CONCLUSION

The debt in this case stems from an award of attorney's fees to a spouse, in the nature of alimony, maintenance, or support, by operation of a court order of record, and assigned voluntarily by the spouse to an attorney as payment for services; just as 11 U.S.C. § 523(a)(5) intended, such a debt is a non-dischargeable "domestic support obligation." See In re Dinicola, No. 10-19506, 2011 WL 3759468, *2 (Bankr. N.D. Ohio Aug. 25, 2011)(describing the four factors of a domestic support obligation laid out in the legislative history of 11 U.S.C. § 523(a)(5)).  The attorney's fees in the instant case also exemplify the Congressional intent embodied in the legislative history of the statute concerning the definition of the term "domestic support obligation", and this conclusion is consistent with the conclusions reached by other courts.  As a case of first impression in this District, this Court finds the previously discussed cases to be persuasive on the issue.  See In re Lawrence, 237 B.R. 61, 85 (Bankr. D.N.J. 1999)(agreeing with the "overwhelming majority" of courts that have found that attorney's fees in divorce cases are domestic support obligations under 11 U.S.C. § 523(a)(5)).  Therefore, this Court holds that the award of $20,000 in attorney's fees is non-dischargeable as a "domestic support obligation" under 11 U.S.C. § 523(a)(5), and grants summary judgment in favor of the Defendant.  An

appropriate Order shall be entered.  An Order shall also be entered which denies the

Plaintiff's motion for summary judgment.


**Date:**  June 19, 2012              __/s/ Jeffery A. Deller_____
                                      **JEFFERY A. DELLER**
                                      United States Bankruptcy Judge

**CASE ADMINISTRATOR TO SERVE:**
   Michael N. Vaporis, Esq.
   Melissa McCoy Gormly, Esq.
   Eric E. Bonini, Esq., Chapter 7 Trustee
   Office of the United States Trustee